# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **MARK RECKE, as surviving child of decedent, CHARLES RECKE,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No. 4:23CV564 HEA |
| **BETHESDA FOUNDATION,** | ) ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike, [Doc. No. 24]. For the reasons set forth below, the Motion to Strike will be denied.

Facts and Background[1]

Plaintiff's Amended Complaint alleges Plaintiff's decedent, Charles Recke, died on March 1, 2023 from complications following the fracture of his left femur sustained while he was a resident of an assisted living facility known as Bethesda Foundation d/b/a Autumn View Gardens Assisted Living and Memory Care. Defendant owns and operates the assisted living facility. Plaintiff alleges decedent's fall was avoidable, however because of Defendant's failure to properly fund and staff the assisted living facility, the fall occurred. Plaintiff sets out the

---

[1] The recitation of facts is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof of the facts herein in later proceedings.

following as facts to establish the lack of proper funding and staffing at the assisted living facility: During decedent's residency, none of the Facility staff: a. conducted a Comprehensive Resident Assessment of decedent's needs and the appropriate interventions to address those needs; b. created or implemented a Comprehensive Care Plan which addressed decedent's risk for falling; c. implemented or provided the appropriate interventions to prevent decedent from falling; d. monitored or evaluated decedent's Care Plan to see if the interventions prescribed were working; e. changed decedent's Care Plan or implemented new interventions to prevent him from falling.

At no point while decedent was a resident at the facility did any of the facility management, including the Administrator, the Director of Nursing, the clinical education coordinator, or any other staff member ever: a. provide any sort of in-service training or clinical education to the facility staff regarding the assessment, prevention, use of interventions, monitoring, and reporting of falls in residents like decedent; b. implement the appropriate policies and procedures at the facility regarding the assessment, prevention, use of interventions, monitoring, and reporting of falls in residents like decedent.

While decedent was a resident at the facility, the facility did not have an adequate number of staff working daily at the facility to: a. meet decedent's needs;

b. perform the interventions required to prevent his avoidable falls; c. perform the interventions required to prevent decedent's avoidable falls; and d. monitor and adequately supervise decedent's condition.

Plaintiff further alleges Defendant had a duty to provide financial resources and support to the facility in a manner that would ensure that each of its residents received the necessary care and services and attain or maintain the highest practicable physical, mental, and psychosocial well-being, consistent with its residents' comprehensive assessments and plans of care.

The Amended Complaint claims Defendant had a duty to provide sufficient financial resources to ensure there were enough properly trained and supervised staff to meet the needs of its residents. Defendant had no autonomy to decide its own financial course, including no authority to determine how much staff it could provide or what resources were available to the staff.

Plaintiff alleges transactions directed by Defendant left the facility with insufficient cash to provide sufficient qualified staff to meet the individual needs of the residents in its facility during decedent's time at the facility.

The Amended Complaint claims Defendant was negligent in providing the necessary care to decedent and failed to comply with licensing regulations.

Defendant's Motion to Strike calls for striking allegations about undercapitalization and underfunding by an entity other than Defendant under Federal Rule of Civil Procedure Rule 12(f).

Legal Standard

A court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Striking a party's pleading ... is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

Although courts have broad discretion under Rule 12(f), motions to strike are infrequently granted. *Stanbury*, 221 F.3d at 1063.

"To prevail on a motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." *Laney v. City of St. Louis*, No. 4:18-CV-1575 CDP, 2019 WL 2423308, at *8 (E.D. Mo. June 10, 2019) (quoting *Aldridge v. City of St. Louis*, No. 4:18-CV-1677 CAS, 2019 WL 1695982, at *15 (E.D. Mo. Apr. 17, 2019)). "If there is any doubt whether the matter may raise an issue, the motion should be denied." *Tucker v. Wal-Mart Stores, Inc.*, No. 1:06-CV-19 CAS, 2006 WL 1134712, at *4 (E.D. Mo. Apr. 26, 2006) (citing 2 James W. Moore et al.,

Moore's Federal Practice § 12.37[3] (3d ed. 2005)). "If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party." *Id*.

## Discussion

Defendant asserts Plaintiff is attempting to plead Defendant had a duty to provide sufficient financial resources, that no individuals within the Facility were involved in decisions regarding financial operations, and that Defendant left the facility with insufficient cash to provide qualified staff to meet the individual needs of the residents during decedent's time at the facility. It then proceeds to state that the present case involves one non-profit corporate defendant that both owns and operates the facility such that allegations about undercapitalization and underfunding by another entity are inapplicable and should be stricken, claiming that such allegations are indicative of piercing the corporate veil of related corporations in an attempt to disregard corporate formalities in so-called alter ego situations.

As Plaintiff points out, the Amended Complaint contains no allegations of one entity underfunding a subservient entity. Rather, the Amended Complaint alleges Defendant was operating the facility in an undercapitalized and understaffed manner. There are no claims Defendant and the facility are separate entities. The Amended Complaint clearly states Defendant is doing business as the facility and as such, Defendant failed to properly provide the funds necessary to

5

run the facility properly and ensure sufficient staff to care for the residents. Defendant's Motion to Strike fails to set forth any redundant, immaterial, impertinent, or scandalous matter, and therefore will be denied.

## Conclusion

None of Plaintiff's allegations relate to an alter ego claim. Plaintiff claims Defendant failed to sufficiently fund and staff the facility which it was operating. As such, there are no allegations required to be stricken under Rule 12(f) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike, [Doc. No. 24], is **denied**.

Dated this 13th day of February 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE